DAVID S. MEYER, Respondent, *v.* LEON FINLEY, Appellant.

*Per Curiam.* Defendant appeals from order dated December 16, 1953, directing that nine commissions issue to examine nine separate witnesses, former clients or legal associates of defendant, a lawyer, on written interrogatories none of which has been prepared except the interrogatories to be asked of one Scheiss in Switzerland disposed of in the companion appeal (*Meyer* v. *Finley, ante,* p. 1017).

Plaintiff, associated with defendant at first as an employee and later, plaintiff claims, as a partner, relies on purely oral agreements between himself and defendant under the terms of which plaintiff was to receive as an employee one third of all the fees plus a stated salary and as an alleged partner one third of the net profits. Plaintiff has not sought to examine defendant, but the clients of the office over a long period of years before he has furnished anything other than his own oral claim to support the alleged percentage agreements.

While plaintiff sues to set aside for alleged fraud a number of accounts stated or settlements made between the parties, plaintiff should establish with something beside his own mere oral assertion the existence of the percentage agreements relied on before he may examine numerous former clients of the office.

In the light of all the facts and circumstances disclosed, the order appealed from directing commissions on interrogatories to nine separate persons former clients or correspondents of defendant to be examined as witnesses on behalf of plaintiff, should be reversed and the motion denied without prejudice to renewal of such or similar motion after a substantial showing by plaintiff of the alleged percentage agreements, and to his right to an accounting thereon. Settle order.

Dore, J. P., Cohn, Callahan, Bastow and Botein, JJ., concur.

Order unanimously reversed and the motion denied, without prejudice to a renewal thereof in accordance with the opinion herein. Settle order on notice.